## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

ANTHONY HANSON,

        **Plaintiff,**

Case No.: 8:13 cv 2516 T 33 TBM

Hon.

v

NCO FINANCIAL SYSTEMS, INC.,

        **Defendant.**

_____/

HURON LAW GROUP FLORIDA, PLLC
Charles N. DeGryse (MI Bar #P72390)
Kathy L. Houston (FL Bar #56042)
30600 Telegraph Rd., Ste. 1240
Bingham Farms, MI  48025
(248) 440-7322
cdegryse@huronlawgroup.com
khouston@huronlawgroup.com

_____/

## COMPLAINT

    NOW COMES Plaintiff, Anthony Hanson, by and through his attorneys, Huron Law

Group Florida PLLC, and for his Complaint, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action based upon the Defendant's violations of the Fair Debt

    Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*  In particular, Defendant

    continued collection attempts against Plaintiff after being told on several occasions that

    he was represented by counsel.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Anthony Hanson is a natural person and resident of Valrico, Hillsborough

    County, State of Florida, and a "consumer" as defined by the FDCPA.

TPA-19636
$400

3. Defendant NCO Financial Systems, Inc. ("NCO") is a debt collector under 15 U.S.C. § 1692a(6) incorporated in Pennsylvania with its principal place of business in Horsham, Pennsylvania.

4. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events took place here.

## STATUTORY STRUCTURE

5. Plaintiff incorporates by reference all other paragraphs of this Complaint.

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

7. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

8. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference all other paragraphs of this Complaint.

12. Defendant had been attempting to collect an alleged consumer debt from Plaintiff.

13. On June 22, 2013, NCO called Plaintiff and Plaintiff first explained to NCO that he was represented by counsel with regard to his debts (**See Affidavit of Plaintiff attached as Exhibit 1**).

14. Despite having knowledge that Plaintiff was represented by counsel, Defendant continued calling Plaintiff (**Phone Logs attached as Exhibit 2**).

15. On July 10, 2013, Plaintiff again picked up the phone and spoke to a representative of NCO. Again, Plaintiff informed NCO that he was represented by counsel.

16. In each phone conversation, NCO aggressively attempted to collect the debt from Plaintiff.

17. NCO continues to call Plaintiff.

## 15 U.S.C. § 1692c(a)(2) and 1692b(6)

18. Plaintiff incorporates by reference all other paragraphs of this Complaint.

19. Defendant improperly communicated with Plaintiff after receiving actual notice from Plaintiff that Plaintiff was represented by counsel with regard to the alleged debt.

20. Defendant's actions described above constitute a violation of 15 U.S.C. § 1692c(a)(2) and 1692b(6) of the FDCPA.

WHEREFORE, Plaintiff requests the following relief:

A. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A) and (B);

B.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

C.  Such other relief as the Court deems just and equitable.

Respectfully submitted:

Dated:  September 20, 2013

_____/s/ Kathy L. Houston_____
Kathy L. Houston (FL Bar #56042)
Charles DeGryse (MI Bar #P72390)
Huron Law Group Florida, PLLC
Attorneys for Plaintiff
30600 Telegraph Rd., Ste. 1240
Bingham Farms, MI  48025
(248) 440-7322
cdegryse@huronlawgroup.com
khouston@huronlawgroup.com